## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MXR IMAGING, INC., dba UNIVERSAL MEDICAL SYSTEMS,** | ) | **Case No. 1:24-CV-1269** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**MEMORANDUM OF OPINION AND**</u> |
| **DAVID ZAVAGNO,** | ) | <u>**ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on *Plaintiff-Counterclaim Defendant MXR Imaging, Inc.'s Motion for Partial Judgment on the Pleadings* under FED. R. CIV. P. 12(c) filed on April 11, 2025. (ECF #28). Defendant-Counterclaim Plaintiff David Zavagno ("Zavagno") opposed the motion on May 12, 2025. (ECF # 29). MXR Imaging, Inc. dba Universal Medical Systems ("MXR") filed a reply in support of its motion on May 27, 2025. (ECF #30).

For the reasons that follow, MXR's Motion for Partial Judgment on the Pleadings (ECF #28) is GRANTED.

### Factual and Procedural Background

This is a civil action to protect trade secrets filed by MXR against its former employee, David Zavagno. Defendant Zavango formed Universal Medical Systems, Inc. ("UMS")[1] in 1986

---

[1] Zavagno's company, Universal Medical Systems, Inc. ("UMS"), later became known as Universal Systems Diagnostics, Inc. ("USD"). (ECF #7, *Answer and Counterclaim*, p.4 ¶32).

to sell imaging equipment, primarily CT and MRI scanners, to hospitals and clinics. (ECF #7, *Answer and Counterclaim*, p.13 ¶4). He soon expanded the business to include sales to veterinarians. (ECF #7, *Answer and Counterclaim*, p.13 ¶5). In 2017, Zavango sold UMS to MXR via a sale of substantially all the assets of his company for around $5 million. (ECF #1, *Complaint*, p.4 [PageID 4]). As part of the transaction, MXR created a UMS division and employed Zavango as the division's President. (ECF #1, *Complaint*, p.4 [PageID 4]). The transaction left Zavango's company, UMS, lightly capitalized and still under his complete ownership. (ECF #7, *Answer and Counterclaim*, p.13). UMS's assets consisted of several medical devices, which Zavango was permitted to sell under his agreement with MXR. (ECF #1, *Complaint*, p.10 ¶38 (PageID 10]). While working for MXR, he continued to sell medical devices to clients[2] allegedly in violation of his employment agreement. (ECF #1, *Complaint*, p.8–9 ¶29 [PageID 8–9]). As a result, Plaintiff MXR brings this action against Zavagno, alleging claims of:

> **Count 1:** breach of employment contract,
> **Count 2:** breach of contract—the asset purchase agreement,
> **Count 3:** unjust enrichment,
> **Count 4:** violation of the Defend Trade Secrets Act of 2016,
> **Count 5:** misappropriation of trade secrets under Ohio Uniform Trade Secrets Act,
> **Count 6:** unfair competition,
> **Count 7:** tortious interference with business relations,
> **Count 8:** breach of duty of loyalty, and
> **Count 9:** defamation. (ECF #1).

Defendant Zavango filed an *Answer and Counterclaim* denying the allegations against him and asserting counterclaims against MXR for:

> **Counterclaim 1:** breach of contract,
> **Counterclaim 2:** accounting, and
> **Counterclaim 3:** tortious interference with business relations. (ECF #7).

---

[2] MXR alleges he sold 9 Siemens products where MXR received no commissions. (ECF #1, p.9 ¶ 30 [PageID 9]).

After filing his *Answer and Counterclaim*, Zavagno moved for judgment in his favor on the pleadings as to the breach of contract claims (counts 1 and 2), unjust enrichment (count 3), unfair competition (count 6), tortious interference with business relations (count 7), and defamation claims (count 9). (ECF #10, *Zavagno's Motion for Partial Judgment on the Pleadings*). The Court denied Zavagno's motion for Partial Judgment on the Pleadings as to counts 1 and 2 (breach of contract), count 3 (unjust enrichment), count 6 (unfair competition), and count 7 (tortious interference with business relations). The Court granted Zavagno's motion as to Plaintiff's defamation claim (count 9). (ECF #24, *Memorandum Opinion and Order as to Defendant Zavagno's Motion for Partial Judgment on the Pleadings*).

Plaintiff MXR now moves for Partial Judgment on the pleadings as to Zavango's counterclaims for accounting (counterclaim 2) and tortious interference (counterclaim 3). (ECF #28, *MXR's Motion for Partial Judgment on the Pleadings for Zavagno's Counterclaims*). The motion is now fully briefed and ready for decision.

### Standard of Review

The standard of review used by a district court to rule on a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is the same standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998). A motion to dismiss under FED. R. CIV. P. 12(b)(6) lets a defendant test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court

will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Ass'n Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sep. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

### Discussion

**I. Accounting** (counterclaim 2)

To state a claim for accounting in Ohio, Zavango must set forth appropriate legal bases and facts:

> "Such legal bases and operative facts could have been pled in the form of "fraud, fiduciary or trust relationship, and necessity." *Miller Med. Sales v. Worsetll*, No. 91-AP-610, 1992 Ohio App. LEXIS 779, at *18 (Ohio Ct. App. Feb. 18, 1992). Or, Defendants could have pled that "mutual accounts" or "circumstances of great complication" existed between the parties. *Chapman v. Lee*, 45 Ohio St. 356, 13

–4–

N.E. 736, 740 (Ohio 1887). Alternatively, the Defendants could have argued that the Plaintiffs had "possession of profits to which another person is entitled to share, regardless of what [their] relationships may have been at the time the profits were earned." *Baccelieri v. Heath*, 158 Ohio St. 481, 110 N.E.2d 130, 134 (Ohio 1953)."

*Executone of Columbus, Inc. v. Inter-Tel Inc.*, No. 2:06-CV-00126, 2007 U.S. Dist. LEXIS 29360, at *4 (S.D. Ohio Apr. 16, 2007).

Zavagno was an employee of MXR and, "[p]ursuant to the parties' agreements, MXR received the profits from [his] sales and, in turn, was obligated to calculate and pay commissions to [him] from those profits." (ECF #29, *Zavango's Opposition to MXR's Motion for Partial Judgment*, p.5 [PageID 387]). "When an employer has received profits in which, by the terms of his contract, an employee is entitled to share, it is . . . [the employer's] duty to account to the employee." *Baccelieri v. Heath*, 110 N.E. 2d 130, 134 (1953).

Despite MXR's duty to account by virtue of its contract with Zavagno, the remedy of accounting is unavailable when an adequate remedy exists at law. *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972) (referring to accounting as an "extraordinary remedy"); *Skurka Aero. Inc., v. Eaton Aero., LLC*, No. 1:08-CV-1565, 2011 U.S. Dist. LEXIS 32132 at *12 (N.D. Ohio 2011) ("Ohio law has consistently held that where there is an adequate remedy at law, an equitable remedy is improper").

Here, Zavango has a breach of contract claim against MXR, which is a remedy at law preferred over an equitable claim such as accounting. *Yonkov v. Maximus Holding Grp., LLC*, No. 1:23-CV-1317, 2024 U.S. Dist. LEXIS 90539 at *21 (N.D. Ohio May 21, 2024); *Mattern & Assocs., LLC v. Lathm & Watkins LLP*, No. 13-6592, 2014 U.S. Dist. LEXIS 136596 at *14 (E.D. Pa. Sep. 26, 2014) ("Because Plaintiff has an adequate remedy at law via its breach of contract claim and the discovery that would flow therefrom, an equitable accounting is unavailable"); *Ohio Veterans & Fraternal Charitable Coal. v. DeWine*, 2013 Ohio Misc. LEXIS

11758 at *33 (Ohio C.P. Dec. 19, 2013) ("[Plaintiff] had an adequate remedy at law in the present case, through its claim for breach of contract and the discovery associated therewith").

Zavango further contends that an accounting claim is necessary because "MXR has repeatedly refused to provide such an accounting, despite Mr. Zavagno's requests." (ECF #29, *Zavango's Opposition to MXR's Motion for Partial Judgment*, p.5 [PageID 287]). "[I]f [Zavagno] is dissatisfied with [MXR's] discovery responses, his appropriate remedy is a motion to compel discovery—not an accounting claim." *Yonkov*, 2024 U.S. Dist. LEXIS 90539 at *20 (quoting *Phillippi v. Jim Phillippi, Inc.*, 2009 U.S. Dist. LEXIS 66169, at *6 (S.D. Ohio June 26, 2009)). Because Zavango failed to show the absence of an alternative adequate legal remedy, his accounting claim against MXR fails.

### II. Tortious Interference with Business Relations (counterclaim 3)

To succeed on a tortious interference with a business relationship claim, Zavagno must establish: (1) a business relationship, (2) the tortfeasor's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages resulting therefrom. *Hines v. Langhenry*, 462 F. App'x 500, 501–02 (6th Cir. 2011).

To withstand MXR's motion to dismiss, Zavagno must have alleged that MXR interfered with a business relationship. *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F. Supp. 3d 552, 559 (N.D. Ohio 2021). His *Answer and Counterclaim* adds:

* Mr. Zavagno has – through his own time, effort, and skill – developed a book of customers for USD totally independent from MXR.
* The Employment Agreement did not preclude Mr. Zavagno from doing business with these customers.
* Despite Mr. Zavagno's unfettered right to transact business with these customers, MXR has improperly contacted these customers and told them that they are not allowed to do business with Mr. Zavagno and USD.
* Instead, MXR has told these customers that they are to do business only with MXR.

* MXR is doing so in bad faith and solely for the purposes of injuring Mr. Zavagno and not for competitive purposes.
* MXR's conduct directly interferes with Mr. Zavagno's business relationships, without any privilege to do so.
* As a direct and proximate result of MXR's tortious interference with Mr. Zavagno's business relationships, Mr. Zavagno has been damaged in an amount in excess of $75,000.

(ECF #7, *Answer and Counterclaim*, p.18–19 ¶¶ 47–53 [PageID 163–64]).

Zavagno argues that his business has been damaged by MXR's baseless statements. (ECF #29, *Zavango's Opposition to MXR's Motion for Partial Judgment*, p.7 [PageID 389]). Outside the allegations that he "developed a book of customers for USD totally independent from MXR" and that "MXR has told these customers that they are to do business only with MXR," Zavango points to no *specific* customers with which MXR interfered. Although the Court must construe Zavango's *Answer and Counterclaim* liberally, it is not required to infer facts and allegations not found within it. *MTD Prods. v. Am. Honda Motor Co.*, 627 F. Supp. 3d 867, 884 (N.D. Ohio 2022) (*citing Bassett v. NCAA*, 528 F.3d 426, 437 (6th Cir. 2008)). Zavango's conclusory allegations that MXR interfered with his "customers" without specifying which ones is insufficient to satisfy the elements of a claim for tortious interference with a business relationship. Accordingly, this claim must fail.

Having failed to provide evidence that he lacks an adequate legal alternative, Zavango's accounting claim fails. Likewise, he fails to provide sufficient evidence demonstrating who MXR allegedly interfered with, which proves fatal for his counterclaim for tortious interference with business relations.[3]

---

[3] Defendant-Counterclaim Plaintiff David Zavango is given leave to amend his Counterclaim should he wish to incorporate additional factual information supporting his counterclaim. Any amended Counterclaim must be filed by July 22, 2025.

**Conclusion**

For the reasons stated above, *Plaintiff-Counterclaim Defendant MXR Imaging Inc.'s Motion for Partial Judgment on the Pleadings* (ECF # 28) under FED. R. CIV. P. 12(c) is GRANTED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _July 8, 2025_