## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MXR Imagining, Inc.,** | ) | **Case No. 1:24–CV–01269** |
| | ) | |
| **Plaintiff/Counterclaim** | ) | **JUDGE DONALD C. NUGENT** |
| **Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **David Zavagno,** | ) | |
| | ) | **Memorandum Opinion and Order** |
| **Defendant/Counterclaim** | ) | |
| **Plaintiff.** | ) | |
| | ) | |

This matter is before the Court on Defendant/Counterclaim Plaintiff David Zavagno's *Motion to Compel Discovery* filed on March 27, 2026, (ECF #65), and Plaintiff/Counterclaim Defendant MXR Imaging, Inc.'s *Motion to Compel Production of Discovery and Motion for Appointment of Independent Examiner to Conduct Forensic Examination*, (ECF #67), filed on April 2, 2026.

MXR Imaging opposed Mr. Zavagno's *Motion to Compel Discovery* on April 16, 2026, (ECF #74, *Opposition to 67 Motion to Compel Discovery*), and Mr. Zavagno supplemented his argument on April 27, 2026, (ECF #88, *Reply in Support of 65 Motion to Compel Discovery*).

Mr. Zavagno opposed MXR's *Motion to Compel Production of Discovery* on April 16, 2026, (ECF #71, *Response to 67 Motion to Compel Production of Discovery*), and MXR supplemented its *Motion* on April 27, 2026, (ECF #87, *Reply in Support of 67 Motion to Compel Production of Discovery*).

– 1 –

For the reasons that follow, Defendant/Counterclaim Plaintiff David Zavagno's *Motion to Compel Discovery*, (ECF #65), and Plaintiff/Counterclaim Defendant MXR Imaging, Inc.'s *Motion to Compel Production of Discovery and Motion for Appointment of Independent Examiner to Conduct Forensic Examination*, (ECF #67), are **GRANTED**.

## Facts and Procedural History

Defendant/Counterclaim Plaintiff David Zavagno ("Mr. Zavagno") operated a business he formed in 1986, selling medical imaging equipment, primarily CT and MRI scanners, to veterinarians. (ECF #7, *Answer and Counterclaim*, p.13 ¶ 4–5). He sold the company to Plaintiff/Counterclaim Defendant MXR Imaging, Inc. ("MXR") in 2017. (ECF #1, *Complaint*, p.4 ¶ 9 [PageID #4]). As part of the deal, MXR permitted Mr. Zavagno to remain part of the business as an MXR employee. (*Id.* at p.4 ¶ 10 [PageID #4]).

The relationship between MXR and Mr. Zavagno soured in May of 2024, when MXR accused Mr. Zavagno of improperly competing with MXR in violation of his *Employment Agreement*. (ECF #1, *Complaint*, p.13 ¶ 58 [PageID # 13]), (*Id.* at p.10 ¶ 37 [PageID #10]). MXR argues Mr. Zavagno entered into side deals with its customers without its knowledge and diverted profits from the sales to himself. (*Id.*), (*Id.* at p.13–14 ¶ 62 [PageID #13–14]). Mr. Zavagno disagrees and maintains that the *Employment Agreement* never prevented him from conducting an independent business while employed by MXR. (ECF #7, *Answer and Counterclaim*, p.13–14 ¶ 11).

As a result of the disagreement, MXR filed the instant lawsuit against Mr. Zavagno, claiming that he breached two contracts, unjustly enriched himself, violated the Defend Trade Secrets Act of 2016, misappropriated trade secrets under the Ohio Uniform Trade Secrets Act, unfairly competed with MXR, tortiously interfered with its business relations, and breached his

duty of loyalty to MXR. (*see* ECF #1, *Complaint*). Zavagno responded and asserted a counterclaim alleging that MXR breached the *Employment Letter*, *Commission Plan*, and *Separation Agreement* by failing to pay him commissions he was entitled to. (ECF #59, *Answer to 57 Amended Complaint and Counterclaim against MXR Imaging, Inc.*, p.18 ¶ 35–36).

MXR wants an independent forensic imaging expert to "mirror image, . . . includ[ing] imaging deleted files from, [Mr.] Zavagno's Samsung Galaxy A11 and Apple iPad[,]" to determine if Mr. Zavagno improperly competed with MXR.[1] (ECF #67, *Motion to Compel Production of Discovery and Motion for Appointment of Independent Examiner to Conduct Forensic Examination*, p.2 [PageID #1674]).

Mr. Zavagno wants specific MXR business records to calculate the commissions he believes he's owed. Mr. Zavagno requests:

> (1) a complete listing of all CT and MRI equipment sold by MXR (including Nationwide[2]) from 2017-2024 to the National Account customers identified [below]; and (2) a complete listing of all service contracts associated with such equipment, including those administered under master service agreements (MSAs). With respect to service contracts, Mr. Zavagno seeks a report reflecting, at minimum, the following fields: location, system, contract price, and renewal date."
>
> (ECF #88, *Reply in Support of 65 Motion to Compel Discovery*, p.2).

Specifically, Mr. Zavagno seeks the above information for the following customers: "Mars, VCA, Blue Pearl, Pathway, Thrive, PetVet, MedVet, National Veterinary Associates (NVA), and Ethos." (ECF #88, *Reply in Support of 65 Motion to Compel Discovery*, p.2). Mr. Zavagno also

---

[1] The relevant devices are a Samsung Galaxy A11 bearing serial number R95N902SAPW and an Apple iPad bearing serial number F99XRW9623. (ECF #71-1, *Declaration of Wyatt Wilson*, p.4 n.2,3 [PageID #2000]).
[2] Nationwide Imaging Services, Inc. ("Nationwide") is a subsidiary of MXR responsible for managing MXR's sale of MRI/CT systems and service contracts. (ECF #80, *Motion for Summary Judgment filed by Universal Systems Diagnostics, Inc. and David Zavagno*, p.4–5 [PageID #2132–2133]).

wants access to his MXR-owned email, "zavagno@universalsystems.com."[3] (ECF #65, *Motion to Compel Discovery*, p.1–2 [PageID #1536–37]). He contends that the *Asset Purchase Agreement* gave him "the right to receive mail and other communications addressed to [him] relating exclusively to the Excluded Assets or the Excluded Liabilities." (ECF #57-1, *Asset Purchase Agreement*, p.11 [PageID #1244]). Mr. Zavagno also argues access to his email is necessary to "support his claims and defenses." (ECF #65, *Motion to Compel Discovery*, p.2 [PageID #1537]). Specifically, he argues it contains "evidence of MXR's knowledge of Mr. Zavagno's relationships with Siemens." (ECF #88, *Reply in Support of 65 Motion to Compel Discovery*, p.9 [PageID #5523]).

### Legal Standard

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). If a party fails to produce requested documents, a party can file a motion to compel. FED. R. CIV. P. 37.1(a)(3)(A). Prior to filing a motion to compel, the party seeking the disputed discovery must "certif[y] to the Court the making of, sincere, good faith efforts to resolve such disputes." N.D. OHIO CIV. R. 37.1(a)(1).[4]

The party seeking to compel discovery bears the initial burden of proving that the information they seek is relevant. *James v. Cuyahoga County*, 648 F. Supp. 3d 897, 904 (N.D. Ohio 2022). Evidence is "relevant" if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the

---

[3] Mr. Zavagno requested access to "zavagno@universal-systems.com," which adds a hyphen not present in his previous request for access to "zavagno@universalsystems.com."(ECF #65-1, *Defendant/Counterclaim Plaintiff's First Set of Requests for the Production of Documents*, p.7 [PageID #1560]). Nonetheless, the Court requires Plaintiff to provide Mr. Zavagno access to his MXR-owned email address.
[4] As a threshold matter, the Court finds that each party certified and engaged in a good faith effort to resolve the disputes prior to filing their respective *Motions to Compel*.

action." FED. R. EVID. 401(a), (b). Once the party meets this burden, it shifts to the opposing party, who must prove that the request is unduly burdensome. *James*, 648 F. Supp. 3d. at 904. In making its determination, the Court has broad discretion in determining the scope of discovery. *Id.* at 903–04.

**Discussion**

**i. Mr. Zavagno's *Motion to Compel***

Mr. Zavagno requests MXR business records reflecting sales to certain customers and seeks to regain access to his MXR-owned email address. Both are relevant to the claims raised in this case and must be produced. The records speak directly to whether Mr. Zavagno received the commissions outlined in the *Commission Plan*[5] and *Separation Agreement*.[6] (ECF #7, *Answer and Counterclaim*, p.17 ¶ 34–42). Further, access to Mr. Zavagno's MXR-owned email address is relevant to his defense regarding the nature of his and MXR's relationship with Siemens.

In his *Motion to Compel*, Mr. Zavagno requests access to the following:

> 1.      Documents/Data evidencing all sales of CT/MRI equipment and service contracts to specified veterinary customers (RFP 28, 68–70 and 77–78);
>
> 2.      Master Service Agreements (MSAs) between MXR and (i) Mars and (ii) Canon (RFP 68)[7]; and
>
> 3.      Mr. Zavagno's entire Universal Systems email mailbox (RFP 11).

MXR is hereby ordered to produce the documents requested in Mr. Zavagno's *RFPs 11, 28, 67, 68, 69, 70, 77,* and *78*. MXR must only produce documents that relate to the veterinary

---

[5] "*Commission Plan*" refers to: (ECF #61-1, *Account Executive CT/MR and PET/CT 2023 Plan Commission Plan*, p.1–4 [PageID #1523–26]).

[6] "*Separation Agreement*" refers to: (ECF #1-3, *Transition and Separation Agreement & Release*, p.1–2 [PageID #112–13]).

[7] Mr. Zavagno incorrectly references *RFP 68*. The correct *RFP* that requests MSAs for Mars and Canon is *RFP 67*. (ECF #65-1, *Defendant/Counterclaim Plaintiff's Second Set of Interrogatories and Requests for the Production of Documents*, p.8 [PageID #1640]).

customers in *RFP 77* and *78*, as Mr. Zavagno appears to limit his *Motion to Compel* to only these customers.

### ii. MXR's *Motion to Compel*

MXR requests that Mr. Zavagno submit his cellphone and tablet to an independent expert who will conduct a forensic examination of each device. The Parties initially agreed to the following discovery protocol:

> (iii) <u>Cell Phones and Mobile Devices</u> — To the extent cell phone or mobile device collection is necessary (primarily for text messages), the Parties agree that they will have a third-party vendor do a forensic image of the relevant devices for review and production.
>
> (ECF #21, *Stipulated Joint Protocol Governing Discovery of Documents and Electronically Stored Information*, p.3).

MXR requested Mr. Zavagno to produce:

> **21.** All documents and communications exchanged between You and any current or former employee(s) of MXR from September 1, 2017 to present.
> \* \* \*
>
> **27.** All documents and communications exchanged between You, on the one hand, and Siemens and/or any other OEM, on the other.
>
> **28.** All communications between You and Siemens concerning or relating to MXR's Confidential Information, including MXR's customer list(s), supply list(s), and/or pricing information.
>
> \* \* \*
>
> **30.** All communications between You and any OEM, other than Siemens, concerning or relating to any MXR Customer and/or MXR's Confidential Information, including MXR's customer list(s), supply list(s), and/or pricing information.
>
> (ECF #67-1, *Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant David Zavagno*, p.14–15 [PageID #1716–17]).

Pursuant to the above, Mr. Zavagno had both devices imaged in February 2026 by Digital Mountain, who was retained by his attorney. (ECF #71-1, *Declaration of Wyatt Wilson*, p.4 [PageID #2000]). The previously conducted imaging consisted of a "fully-file system image" of his mobile phone and an "advanced logical image" of his iPad. (ECF #71-1, *Declaration of Wyatt Wilson*, p.4 [PageID #2000]). Neither technique reveals deleted files from an imaged device. (*Id.* at p.3 [PageID #1999]).

Mr. Zavagno produced several documents pursuant to the imaging. MXR, however, is not satisfied. MXR notes that the imaging failed to capture "(i) text messages between MXR employees and [Mr.] Zavagno, produced by MXR but not [Mr.] Zavagno, and (ii) text messages explicitly referenced in email communications produced by MXR." (ECF #67, *Motion to Compel Production of Discovery and Motion for Appointment of Independent Examiner to Conduct Forensic Examination*, p.2 [PageID #1678]). MXR suggests these messages did not appear in the previous imaging because they were deleted. (*Id.*). As a result, MXR wants a "mirror image" of each device, "which shall include imaging deleted files." (ECF #67, *Motion to Compel*, p.3 [PageID #1675]).

In making its determination on whether a mirror image of a device is warranted, courts consider the following:

> First, courts should tread lightly before compelling mirror imaging in computers when the request is 'extremely broad in nature' and the connection between the devices and the legal claims is unduly vague or unsubstantiated. Second, mere skepticism that an opposing party has not produced all the relevant materials does not justify 'drastic electronic discovery measures.' And, third, even if forensic imaging is acceptable in a given case, a district court must still consider the significant interests at stake before ordering such a procedure.
>
> *Delta T, LLC v. Williams*, 337 F.R.D. 395, 400–01 (S.D. Ohio 2021).

MXR's request for a mirror image is limited to specific communications between Mr. Zavagno and the employees and customers of MXR, and is not overly broad. The nature of the communications is relevant to whether Mr. Zavagno improperly competed with MXR, and MXR has offered sufficient proof that additional relevant and responsive information contained on the devices has not yet been disclosed.

Given the need for the information and the circumstances surrounding Mr. Zavagno's delayed compliance with MXR's discovery requests, the Court orders Mr. Zavagno to submit his Samsung Galaxy A11 and Apple iPad for a mirror image forensic evaluation. In light of the fact that Mr. Zavagno already paid to have his devices imaged, and because MXR could have initially requested a mirror image of his devices when the parties agreed to their *Joint Protocol Governing Discovery* in February of 2025, MXR must bear the financial burden of the second forensic examination. The parties shall agree upon a forensic examiner themselves.

### Conclusion

Mr. Zavagno needs access to his email and MXR's business records for specific customers to support his claims and defenses. MXR likewise needs access to Mr. Zavagno's devices to ascertain whether he improperly competed with MXR. Accordingly, each party's respective *Motion to Compel*, (ECF #67) (ECF #65),[8] is **GRANTED**.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: May 8, 2026

---

[8] Mr. Zavagno's *Motion to Compel* is GRANTED to the extent it applies to the specific customers discussed herein.