## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MXR IMAGING, INC. d/b/a UNIVERSAL MEDICAL SYSTEMS, | ) ) | Case No. 1:24–CV–01269 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| DAVID ZAVAGNO, et al., | ) | |
| | ) | MEMORANDUM OPINION AND |
| Defendant. | ) | ORDER |

This matter is before the Court on Plaintiff/Counterclaim Defendant MXR Imaging, Inc.'s ("MXR") *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim* ("MXR's *Motion*") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) filed on April 8, 2026. (ECF #69).

MXR had filed an *Amended Complaint* on March 4, 2026, adding a new party, Universal Systems Diagnostics, Inc. ("USDI"),[1] to the lawsuit. (ECF #57, *Amended Complaint for Damages and Other Relief*). Both David Zavagno ("Zavagno") and USDI answered the *Amended Complaint* on March 18, 2026. (ECF #59, 60). In his answer, Mr. Zavagno reasserted his

---

[1] USDI is a corporation created by Mr. Zavagno via a resolution that changed the name of the entity from Universal Systems Diagnostics, the entity purchased by MXR. (ECF #57, *Amended Complaint for Damages and Other Relief*, p.3 [PageID #1204]).

– 1 –

counterclaim against MXR for breach of contract. (ECF #59, *Answer to Amended Complaint and Counterclaim*, p.13–18).

On April 8, 2026, MXR moved to strike or, in the alternative, dismiss Mr. Zavagno's counterclaim. (ECF #69). Mr. Zavagno opposed the motion and, in the alternative, asked for leave to file an amended counterclaim on April 22, 2026. (ECF #76, *David Zavagno's Opposition to MXR's Motion to Strike or, in the Alternative, for Leave to File Amended Counterclaim*). On April 29, 2026, MXR filed a reply in support of its motion. (ECF #89, *Plaintiff's Reply in Support of its Motion to Dismiss, or in the Alternative, Strike Defendant David Zavagno's Counterclaim*). MXR's *Motion* is now ready for review.

For the reasons stated below, Plaintiff/Counterclaim Defendant MXR's *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim*, (ECF #69), is **DENIED**, and Mr. Zavagno's request for leave to file an amended counterclaim, (ECF #76), is **DENIED** as **MOOT**.

## I. Facts

Mr. Zavagno sold his company, Universal Systems Diagnostics, Inc., to MXR in 2017. After the sale, he became employed by MXR. MXR alleges that while employed with MXR, Mr. Zavagno improperly diverted sales away from the company and to himself. Mr. Zavagno contends he was permitted to do so.

MXR brought an *Amended Complaint* against Mr. Zavagno alleging:

> **Count 1** — Breach of Contract (*Employment Agreement*)
> **Count 2** — Breach of Contract (*Asset Purchase Agreement*)
> **Count 3** — Unjust Enrichment
> **Count 4** — Violation of the Defend Trade Secrets Act of 2016
> **Count 5** — Misappropriation of Trade Secrets
> **Count 6** — Unfair Competition
> **Count 7** — Tortious Interference with Business Relations
> **Count 8** — Breach of Duty of Loyalty

(ECF #57, *Amended Complaint for Damages and Other Relief*, p.15–23 [PageID #1216–24]). In his *Answer to Amended Complaint and Counterclaim*, Mr. Zavagno reinstated his counterclaim against MXR for breach of contract. He did so without leave of court, adding to his counterclaim that MXR breached another agreement, the *Employment Letter*, which purports to establish that he would remain as an at-will employee with MXR who would receive commissions after the *Employment Agreement* expired. (ECF #59, *Answer to Amended Complaint and Counterclaim*, p.17 [PageID #1497]); (*Id.* at p.14 ¶ 11 [PageID #1494]).

Mr. Zavagno alleges that MXR breached the *Employment Letter* by failing to pay him commissions and preventing him from accessing his email. (*Id.* at p.18 ¶ 36, 40 [PageID #1498]). Further, according to Mr. Zavagno, the *Employment Letter* clarifies that he entered into various offset agreements (where the parties reconciled the amounts owed to each other) under the impression that MXR would provide him with all information regarding sales to his customers. (ECF #59, *Answer to Amended Complaint and Counterclaim*, p.15 ¶ 18 [PageID #1495]).

### II. MXR's Motion

MXR asks this Court to dismiss or strike the amended allegations in Mr. Zavagno's counterclaim because he did not seek leave to amend. MXR argues that Mr. Zavagno's amendments to his counterclaim substantively expand its scope by "alleging (i) that MXR breached an additional contract, the October 12, 2020 Employment Letter[], and (ii) that the 2019 and 2021 offset agreements were entered into by [Mr.] Zavagno 'on the assumption that MXR provided a complete information to Mr. Zavagno about sales to his customers and accounts.'" (ECF #69, *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim*, p.1 [PageID #1961]) (quoting ECF #59, *Answer to Amended Complaint*

*and Counterclaim*, p.15 [PageID #1495]). As such, MXR petitions the Court to "dismiss or, in the alternative, strike the amended counterclaims" under Rule 12(b)(6) and 12(f). (ECF #69, *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim*, p.12 [PageID #1974]); (*Id.* at p.2 [PageID #1962]).

### III. Discussion

A Rule 12(b)(6) motion is an appropriate vehicle to dismiss an entire claim, not specific portions of a pleading. *Miller v. Duffy*, Case No. 23–CV–2315, 2025 WL 1262875, at *6 n.5 (N.D. Ohio 2025) ("[F]ederal courts do not use Rule 12(b)(6) to dismiss parts of claims"). "[A] Rule 12(b)(6) motion to dismiss must be denied when directed only to some of the allegations in a complaint but not to any particular claim or cause of action." *Id.* at *5. Because MXR's 12(b)(6) motion seeks to omit specific provisions within Mr. Zavagno's counterclaim, it must be denied.

While dismissal of the amended allegations in Mr. Zavagno's counterclaim under 12(b)(6) is inappropriate, MXR asks the Court to strike them under Rule 12(f). "A motion to strike under Rule 12(f) is the proper means to seek the removal of specific allegations from a pleading." *Id.* at p.6 n.5 (noting the distinction between Rule 12(b)(6) as a "claim-dispositive procedure" and Rule 12(f) as "an administrative vehicle for 'cleaning up the proceedings.'") (citations omitted).

Rule 12(f), which governs a motion to strike, authorizes the Court to strike "'any redundant, immaterial, impertinent, or scandalous matter' from a pleading." *Powers v. Fifth Third Mortgage Company*, Case No. 1:09–CV–2059, 2010 WL 11672790, at *1 (N.D. Ohio 2010) (quoting FED. R. CIV. P. 12(f)). "Motions to strike are generally disfavored and are granted only when the material sought to be stricken has 'no possible relation to the controversy.'"

– 4 –

*Spinnaker Insurance Company v. Heart of Gold Title, LLC*, Case No. 2:25–CV–00330, 2026 WL 710135, at *4 (S.D. Ohio 2026) (slip op.) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Rule 12 motions have been used to strike changes to a pleading that were made without filing for leave in accordance with Rule 15, which allows a party to:

> [P]lead in response to an amended complaint in accordance with the deadlines imposed by the Court and Rule 13 refers to both compulsory and permissive counterclaims as pleadings. *See, e.g., Salomon S.A. v. Alpina Sports Corp.*, 737 F. Supp. 720, 722 (D.N.H. 1990) (allowed revised counterclaims after an amended complaint was filed).

*Heritage Guitar, Inc. v. Gibson Brands, Inc.*, Case No. 1:20–CV–229, 2022 WL 17828960, at *3 (W.D. Mich. 2022) (adopting *Tralon* approach) (quoting *Moellers North America, Inc. v. MSK Covertech, Inc.*, 912 F. Supp. 269, 272–73 (W.D. Mich. 1995)).

Whether a party must obtain leave is a matter of significant debate. Different courts have adopted a number of competing approaches to determine whether a party must obtain leave before altering its counterclaim in response to the filing of an amended complaint.

Under the "permissive" approach adopted in *Walgreen Co. v. Hummer*, revisions to a counterclaim do not require leave because "the filing of an amended complaint opens the door for a responding party to assert new affirmative defenses and counterclaims." *Walgreen Co. v. Hummer*, Case No. 1:10–CV–2902, 2012 WL 13033091, at *2 (N.D. Ohio 2012).

Several other courts, including those in the Sixth Circuit, have adopted a "moderate" approach, though the exact concept of such a "moderate approach" remains poorly defined. Generally, there are two variations. The first was advanced in *Tralon*, which held that if "a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the [p]laintiff." *Tralon*

– 5 –

*Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997); *Raymond James & Associates, Inc. v. 50 North Front St. TN, LLC*, Case No. 18–CV–2104–JTF–tmp, 2020 WL 7332846, at *3–4 (W.D. Tenn. 2020) (adopting *Tralon* approach).

The second version of the moderate approach, created in *Elite Entertainment*, held that "an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case," and, if so, "the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *Elite Entertainment v. Khela Brothers Entertainment*, 227 F.R.D. 444, 446 (E.D. Va. 2005). Both versions of the moderate approach require leave if changes to the pleading alter the theory or scope of the case. If they do, *Tralon* permits the defendant total freedom to alter their counterclaim, whereas *Elite Entertainment* holds that the changes must be similar in scope to those made to the complaint.

Under the permissive approach—and both variations of the moderate approach—Mr. Zavagno was not required to file for leave prior to altering his counterclaim. Under the permissive approach of *Walgreens Co. v. Hummer*, Mr. Zavagno was not required to file for leave to amend his counterclaim because "the filing of [a]n [a]mended [c]omplaint gives the defendants a new opportunity to respond to the amended complaint." *Walgreen Co. v. Hummer*, 2012 WL 13033091, at *2 (quoting *Sidari v. Orleans County*, 174 F.R.D. 275, 283 (W.D. N.Y. 1996)). Under either of the two prevailing interpretations of the moderate approach, Mr. Zavagno was also not required to file for leave. MXR expanded its claim by adding a new party, USDI, and including a new way that Mr. Zavagno breached an old agreement: namely, that he breached the APA by registering the trade name Universal Medical Systems. (ECF #57, *Amended Complaint for Damages and Other Relief*, p.10 ¶ 36 [PageID #1211]). In response, Mr. Zavagno argues that MXR's conduct breached a new agreement, the *Employment Agreement*, which

– 6 –

clarifies his relationship with MXR after the expiration of his employment contract and suggests he entered the offset agreements under the belief that MXR would furnish him with all the information necessary to calculate his commissions.

None of Mr. Zavagno's alternations materially affect his counterclaim for breach of contract. The underlying claims—the payment of commissions, access to his email, and his employment relationship with MXR—have remained unchanged since he initially filed his counterclaim. Although the idea that Mr. Zavagno entered into the offset agreements under the belief that MXR would provide him all the information he required is new, the underlying substance of the argument is not. Mr. Zavagno has repeatedly stressed that MXR has failed to provide him with the necessary information to calculate his commissions. (ECF #34, *Amended Counterclaim*, p.5 ¶ 23) ("MXR has failed to provide Mr. Zavagno with a complete and accurate computation of commissions owed to Mr. Zavagno."). Thus, Mr. Zavagno's request for leave to file an amended counterclaim is unnecessary and moot.

With respect to prejudice and timing, the factual nature of the claims is not new and should ameliorate MXR's concerns. MXR chose to amend its complaint weeks before the close of fact discovery and cannot complain that Mr. Zavagno made minor alterations to his counterclaim. For these reasons, MXR's *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim*, (ECF #59), is **DENIED**.

### IV. Conclusion

Mr. Zavagno's expansion of his *Counterclaim* aligns with the changes MXR made to its *Complaint*. MXR added a party and a new way that Mr. Zavagno breached the APA. Mr. Zavagno, on the other hand, alleges that MXR breached a new agreement by engaging in previously raised conduct and clarified his intent when entering into the offset agreements.

Accordingly, MXR's *Motion to Dismiss or, in the Alternative, Strike Defendant David Zavagno's Counterclaim*, (ECF #69), is **DENIED**, and Mr. Zavagno's request for leave to file an amended counterclaim, (ECF #76), is **DENIED** as **MOOT**.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _May 26, 2026_