IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MXR Imaging, Inc., | ) | Case No. 1:24–CV–01269 |
| | ) | |
| Plaintiff/Counterclaim | ) | JUDGE DONALD C. NUGENT |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| David Zavagno, | ) | |
| | ) | **Memorandum Opinion and Order** |
| Defendant/Counterclaim | ) | |
| Plaintiff. | ) | |
| | ) | |

This matter is before the Court on *Defendant/Counterclaim Plaintiff David Zavagno's* [("Mr. Zavagno")] *Motion for Clarification Regarding the Court's June 22, 2026 Memorandum Opinion and Order*, filed on June 23, 2026. (ECF #136).

On May 18, 2026, the Court issued a *Memorandum Opinion and Order* ("*Discovery Order*") requiring Mr. Zavagno to "submit his Samsung Galaxy A11 and Apple iPad for a mirror image forensic evaluation." (ECF #91, p.8). The *Discovery Order* stipulated that the Parties were to "agree upon a forensic examiner themselves," and that Plaintiff/Counterclaim Defendant MXR Imaging, Inc. ("MXR") would "bear the financial burden of the second forensic examination." (*Id.*).

After seemingly failing to reach an agreement, on June 12, 2026, MXR filed an *Emergency Motion to Enforce Court Order Pursuant to Fed. R. Civ. P. 37(d)* ("*Emergency*

– 1 –

*Motion*"). MXR's *Emergency Motion* sought to order Mr. Zavagno to comply with the iDS Protocol by immediately sending his Samsung Galaxy A11 and Apple iPad for a mirror image forensic evaluation. (ECF #121-1, p.10 [PageID #8761]). The Court reviewed the iDS Protocol and denied MXR's *Emergency Motion* on the basis that it expanded the substantive scope of the Court's May 18, 2026 *Discovery Order* by requiring Mr. Zavagno to provide "all credentials necessary to access [Mr. Zavagno's] cloud-based storage, mobile device backups, . . . third-party applications, . . . application-specific passwords, . . . [and] provide to iDS the full contents of the [first] forensic collection[.] (ECF #127, p.2).

In denying the *Emergency Motion*, the Court required Mr. Zavagno to "send his devices to iDS as soon as practicable." (*Id.*). Mr. Zavagno now seeks clarification as to "whether the directive to 'send his devices to iDS' requires physical shipment to California." (ECF #136, p.2 [PageID #9128]). It does. The Court understands Mr. Zavagno's concern about shipping his devices; however, it is imperative that he have his devices imaged prior to the trial date of July 13, 2026. Accordingly, Mr. Zavagno must send his devices to iDS in California.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge


DATED: _____